# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDI PETERSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TULARE COUNTY SUPERIOR COURT, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00209-TLN-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Randi Petersen, proceeding pro se and in forma pauperis, filed this civil rights action on February 9, 2015 pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

1

662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff shares a water well with her neighbors who are Hispanic. (Compl. ¶ 10, ECF No. 1.) On April 30, 2014, the well pump broke and the neighbors were unable to pay fifty percent of the costs of hiring a company to install a new pump. (Id.) After six weeks with no water, Plaintiff's son was preparing to install the well pump with parts that she ordered. (Id.)

On June 4, 2014, Plaintiff was calling for estimates on piping for the well pump and was informed by Ingram Eq. Co. ("Ingram") that her neighbors had hired them to install the well pump several days earlier. (Id. at ¶ 11.) Ingram informed Plaintiff that the verbal estimate given to her neighbors was $3,600.00. (Id.) When Plaintiff received a copy of the bill, she discovered that Ingram had billed labor at $791.66 per hour instead of their advertised hourly rate of $170.00 per hour. (Id.) Plaintiff contacted Ingram and told them that she wanted to pay them directly for her share of the installation, minus the amount billed over the $170.00 per hour. (Id.) Ingram refused Plaintiff's request and filed a small claims case against Plaintiff to recover the cost of the installation. (Id.)

The small claims court "forced" Plaintiff to plead her case without allowing her to obtain evidence from Ingram. (Id. at ¶ 12.) Plaintiff was required to waive her appellate rights in order to file a counterclaim which she refused to do. (Id.) A week or two prior to the trial, Plaintiff

contacted the Superior Court Supervisor regarding her claims of denial of due process. (Id.) The Supervisor allegedly informed Plaintiff that she had no rights. (Id.)

Plaintiff was aware that the superior court allowed litigants to obtain evidence to prove her case. (Id.) Plaintiff filed a case in the superior court that had to be dismissed because she did not have the required damages. (Id.) Plaintiff had to file her action in small claims court because she did not incur sufficient damages to bring the case in the superior court. (Id.) Plaintiff lost her case in small claims court. (Id.)

Plaintiff brings this action against the Tulare County Superior Court and Governor Brown alleging violations of the Due Process Clause and equal protection seeking injunctive relief.

## III.

## DISCUSSION

In this action, Plaintiff is challenging two of the practices of the California small claims court. First, in small claims actions discovery is generally not available; and second, the losing party has limited appeal rights.

**A.     Discrimination**

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

To state a claim under section 1981, "a plaintiff must establish that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts, sue and be sued, give evidence, etc.)." Peterson v. State of California Dep't of Corrections and Rehabilitation, 451 F.Supp.2d 1092, 1101 (E.D. Cal. 2006).

In California, the small claims court has jurisdictions over all actions for the recovery of

money, if the amount of the demand does not exceed $5,000.00. Cal. Code Civ. P. § 116.220(a). The Legislature established the small claims court "in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum." Pitzen v. Superior Court, 120 Cal. App. 4th 1374, 1383, 16 Cal. Rptr. 3d 628, 634 (2004) (quoting Sanderson v. Niemann, 17 Cal.2d 563, 571 (1941)).

Plaintiff alleges that she was discriminated against because she was required to litigate her action in small claims court. Plaintiff had to litigate in small claims court because that was the forum chosen by Ingram, not because of Plaintiff's economic status. Further, Plaintiff contends that if she had been able to pay Ingram's bill she would have had "the right kind of damages" to litigate in the Superior Court which discriminates against impoverished litigants. However, California provides that a limited civil action can be filed in the superior court if the amount in controversy does not exceed $25,000.00. Cal. Code Civ. P. § 85.

The claim which was at issue in the small claims court was based on Plaintiff's failure to pay her portion of the $3,600.00 invoice to install the pump in her water well. Plaintiff contends that she wanted to bring claims for fraudulent business practices, fraudulent debt collection, and breach of contract and that the contract was unenforceable. While Plaintiff's complaint is replete with conclusory allegations that "poverty stricken self-represented" litigants are discriminated against by being required to bring their claims in small claims court, all litigants in small claims court are subjected to the same conditions. See City and County of San Francisco v. Small Claims Court, 141 Cal.App.3d 470, 478 (1983) ("There is no 'particular burden' imposed on a municipality or municipal public utility by requiring it to defend actions in small claims courts. San Francisco is subject to the same rules as other defendants in small claims courts. . . .")

California's statutory small claims court scheme is based solely upon the amount in controversy, not the financial status of the litigant. Plaintiff's complaint is devoid of any plausible allegations that she was discriminated against due to her membership in a protected class. Plaintiff cannot state an equal protection or section 1981 claim based on being required to

litigate her action in small claims court.

**B.     Due Process**

Plaintiff alleges that her due process rights were violated because she was denied access to discovery and appellate review prior to removal of her property. The Fourteenth Amendment protects against the deprivation of property or liberty by the government without due process of law. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). A procedural due process claim under section 1983 has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." Portman, 995 F.2d at 904.

An interest protected by the due process clause may "arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). "In order to create a liberty interest protected by due process, the state law must contain: (1) 'substantive predicates' governing official decisionmaking, and (2) 'explicitly mandatory language' specifying the outcome that must be reached if the substantive predicates have been met." Bonin v. Calderon, 59 F.3d 815, 842 (9th Cir. 1995) (citations omitted). "The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right. Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983).

In order to comply with the requirements of due process, a party is entitled to be heard prior to the deprivation of their property. Fuentes v. Shevin, 407 U.S. 67, 80 (1972). Due process requires that the individual be afforded notice and some kind of hearing before final deprivation of their property interest. Wolff v. McDonnell, 418 U.S. 539 557-58 (1974). A party is afforded due process "only by the kinds of notice and hearing that are aimed at establishing the validity, or at least the probable validity, of the underlying claim" against the litigant. Fuentes, 407 U.S. at 96-97 (internal punctuation and citations omitted).

Plaintiff alleges that her due process rights were violated because she was forced to give up her appellate rights to bring a counter claim. In a procedural due process claim, it is not the

deprivation of property by state action that is unconstitutional, but the deprivation of property without due process of law. Zinermon v. Burch, 494 U.S. 113, 125 (1990). To determine if a violation of due process occurred, the Court looks to the process the state provided and whether it was constitutionally adequate. Zinermon, 494 at 126. "This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." Id.

In California, a plaintiff may choose to bring a claim under $5,000.00, or $10,000.00 if the plaintiff is a natural person, in small claims court rather than the superior court. Cal. Code Civ. P. §§ 116.220, 116.221; Pitzen, 120 Cal.App.4th at 1378. The statute provides that a plaintiff in a small claims action has no right to appeal the judgment on the plaintiff's claims. Cal. Code Civ. P. 116.710(a). However, the defendant in a small claims action may appeal the judgment against them to the Superior Court. Cal. Code Civ. P. 116.710(b). Upon appeal, the matter is heard anew in the superior court. Acuna v. Gunderson Chevrolet, Inc., 19 Cal.App.4th 1467, 1471 (1993). The reason for this is to promote the practice of speedy and inexpensive cases that fall within the jurisdiction of the small claims court. Bricker v. Superior Court, 133 Cal.App.4th 634, 637 (2005). Although appellate review of small claims judgments may be taken where there is a general issue of statewide importance presented; and "to secure uniformity in the operations of the small claims courts and uniform interpretation of the statutes governing them." "Bricker, 133 Cal.App.4th at 637 (citations omitted). While "[t]he hearing and disposition of the small claims action shall be informal, the object being to dispense justice promptly, fairly, and inexpensively[,]" Cal. Code. Civ. P. ¶ 116.510, nevertheless, due process constrains do apply to a small claims action, Bricker, 133 Cal.App.4th at 638.

In this instance, Plaintiff was provided with notice and a hearing prior to the judgment being entered against her. While Plaintiff claims that she was forced to give up her appellate rights to bring a claim against Ingram, the statutory scheme provides for the right of the losing defendant to file an appeal with the Superior Court. This has been found to be sufficient to satisfy due process. See Brooks v. Small Claims Court, 8 Cal.3d 661, 666 (1973) (recognizing right to appeal small claims judgment to Superior Court which satisfies due process); Skaff v.

<u>Small Claims Court for Los Angeles Judicial Dist. of Los Angeles County</u>, 68 Cal.2d 76, 79 (1968) (because plaintiff chooses to file in small claims court he forfeits the normal protections of a jury trial and appeal).

Plaintiff alleges that her due process rights were violated because she was unable to file a case in civil court because she was unable to plead proper damages. However, the fact that Plaintiff was attempting to bring an action and did not plead sufficient damages is an issue of pleading, not a denial of due process. A plaintiff can bring an action in the superior court where the claim meets the requirements of the California Code of Civil Procedure. <u>See</u> Cal. Code. Civ. P. §§ 85, 86.

Plaintiff also contends that her due process rights were violated because she was not entitled to discovery in the small claims action. However, there is no due process right to conduct discovery in an action. In a small claims action in California, "[b]oth sides must put their cases before the court without an attorney advocate, accept relaxed rules of evidence, and do without the usual discovery process." <u>City and County of San Francisco</u>, 141 Cal.App.3d at 477. The California Legislature has excluded discovery in small claims actions. <u>Bruno v. Superior Court</u>, 219 Cal.App.3d 1359, 1363 (1990). Plaintiff cannot state a claim based on the California statutory scheme which does not provide for discovery in small claims actions.

Finally, Plaintiff cannot state a due process claim based on her allegations that she was not provided with a copy of the rules and procedures of the small claims court or informed of her right to object to a commissioner. The procedural rules instituted by the state do not create a liberty interest protected by the Due Process Clause. <u>Olim</u>, 461 U.S. at 250-51. Plaintiff has failed to allege facts to state a plausible claim that she was denied due process.

**C.   Leave to Amend**

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" <u>Amerisource Bergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." <u>Id</u>. In this instance, the Court finds that amendment of

the complaint would be futile. Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2015**

UNITED STATES MAGISTRATE JUDGE